Kim LUPER on behalf of Marcia PETERS, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART,* Commissioner of the Social Security Administration, Defendant–Appellee.

No. 00–35858.

D.C. No. CV–99–1494–FR.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.**

Decided Jan. 25, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

### MEMORANDUM ***

On behalf of her deceased mother, Marcia Peters, Kim Luper appeals the district court's summary judgment affirming the Commissioner of the Social Security Administration's denial of Peters' application for Social Security disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's decision, and we review for substantial evidence and legal error the Administrative Law Judge's ("ALJ") deci-

---

\* Jo Anne B. Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

sion. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). We affirm.

We conclude that substantial evidence supports the ALJ's finding that Marcia Peters was not disabled. *See id.* at 1098. The ALJ did not arbitrarily discredit Peters' testimony because her testimony regarding her daily activities was inconsistent with her allegation of disabling pain, and her treating physician indicated he was unsure whether Peters was a malingerer. *See Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995). Similarly, the ALJ did not wholly disregard Luper's testimony. The ALJ properly concluded that Luper's testimony regarding her mother's daily activities was inconsistent with Peters' allegation of disabling pain. *See Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989) (holding that where a claimant spends a substantial part of her day performing activities transferable to a work setting, a finding as to this fact may be sufficient to discredit an allegation of disabling pain).

Furthermore, the ALJ provided specific and legitimate reasons for rejecting the opinion of Peters' treating physician. *See Cotton v. Bowen,* 799 F.2d 1403, 1408 (9th Cir.1986). The ALJ found that Peters' physician indicated there were no clinical or laboratory test results for any of Peters' impairments. *See Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989) (holding that an ALJ is not required to accept a treating physician's opinion that is "brief and conclusory in form with little in the way of clinical findings to support [its] conclusion") (internal quotation marks omitted). Peters' treating physician also opined that Peters would not experience substantial difficulty with pain or fatigue if she worked full-time at light or sedentary levels. The ALJ properly concluded that

this medical conclusion was inconsistent with Peters' allegations of disabling pain.

Luper's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.